UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-22486

ALFREDO OLIVERA HERNANDEZ,

     Plaintiff,

vs.

VALPA MIA LLC D/B/A
TACOS SONORA 305 AND
HECTOR VALLES FELIX,

     Defendants.
_____/

## **COMPLAINT**

     Plaintiff, Alfredo Olivera Hernandez, sues Defendants, Valpa Mia LLC d/b/a Tacos Sonora 305 and Hector Valles Felix, as follows:

### ***Parties, Jurisdiction, and Venue***

     1.    **Plaintiff, Alfredo Olivera Hernandez**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

     2.    **Defendant, Valpa Mia LLC d/b/a Tacos Sonora 305,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

     3.    **Defendant, Hector Valles Felix,** was at all times material an owner/officer/director/manager of the corporate Defendant for the time period relevant to this lawsuit. He ran its day-to-day operations, was responsible for all operational decisions, was partially or totally responsible for paying Plaintiff's wages.

1

4.      This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over Plaintiff's related Florida state law claims.

5.      Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in this District, and because most if not all of the operational decisions were made in this District.

6.      Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

7.      Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – FLSA MINIMUM WAGE VIOLATION(S)

Plaintiff, Alfredo Olivera Hernandez, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

8.      Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

9.      Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

10.     Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, sales, promotion, and operation of a mobile restaurant – or "food truck" – which, traditionally, cannot be performed without using the vehicle, generator,

2

stove, grill/griddle, goods, materials, supplies, and equipment that have all moved through interstate commerce.

11.     Defendants also communicated with their workers and with others by regularly and routinely using telephones and transmitting information through email and the Internet, and which transmissions regularly and routinely traveled outside of the State of Florida.

12.     Defendants also engage in e-commerce through their utilizing Toast, an out-of-state vendor who provides a point-of-sale solution that incorporates order management and payment processing through electronic communications that regularly and routinely travel outside of the State of Florida for each electronic payment (Apple Pay, Google Pay, credit/debit card) transactin processed.

13.     Defendant's corporate annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 for the relevant time period and/or $125,000.00 for each relevant fiscal quarter.

14.     Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

15.     Plaintiff was a non-exempt employee of Defendants.

16.     Plaintiff consents to participate in this lawsuit.

17.     Plaintiff worked for Defendants as a cook and cashier from approximately January 31, 2022 to July 2022.

18.     Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his job duties, which included regularly and routinely engaging in interstate commerce by taking food/drink orders, entering them into the

Toast software, processing credit card, debit card, ApplePay, and Google Pay transactions, cooking the food, and purchasing gasoline (that traveled in interstate commerce) to fill the truck and generator.

19.     Defendants agreed to pay Plaintiff at a rate of $13.00 per hour plus tips.

20.     To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are believed to be in the exclusive custody of Defendants.

21.     Defendants controlled all job-related activities of Plaintiff.

22.     Defendants coordinated all job-related activities of Plaintiff.

23.     Defendants supervised Plaintiff's work.

24.     Defendants failed and refused to pay Plaintiff even a minimum wage of $7.25 per hour for each of the hours he worked by <u>failing to timely pay him</u> his wages or tips for his last five (5) weeks of work.

25.     As a direct and proximate result of Defendants' violations of the FLSA, as set forth above, Plaintiff is entitled to recover the applicable minimum wage for all unpaid hours worked.

26.     Defendants either recklessly failed to investigate whether their failure to pay Plaintiff at least a minimum wage for the hours Plaintiff worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay at least the minimum wage, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the minimum wage pay earned.

27.     Plaintiff is entitled to a back pay award of minimum wages for all unpaid/underpaid hours worked, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884    FAX 305.230.4844
www.fairlawattorney.com

WHEREFORE Plaintiff, Alfredo Olivera Hernandez, demands the entry of a judgment in Plaintiff's favor and against Defendants, Valpa Mia LLC d/b/a Tacos Sonora 305 and Hector Valles Felix, jointly and severally, after trial by jury and as follows:

    a.    That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b.    That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

    c.    That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d.    That Plaintiff recover all interest allowed by law;

    e.    That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f.    That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

    g.    Such other and further relief as the Court deems just and proper.

## COUNT II - FLSA TIP CONFISCATION CLAIM

Plaintiff, Alfredo Olivera Hernandez, reincorporates and re-alleges paragraphs 1 through 23 as though set forth fully herein and further alleges as follows:

28.    Plaintiff regularly and routinely worked more than 40 hours in a workweek for Defendants.

29.    The FLSA was amended in 2018 at 29 U.S.C. §203(m)(2)(B) to confirm that

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

employers may (a) not keep any portion of the tips and/or overtips earned by their employees for any reason – even when employers pay their employees more than the minimum wage – and (b) may not distribute tips to managers or supervisors:

> **An employer may not keep tips received by its employees for any purposes**, **including allowing managers or supervisors** to keep any portion of employees' tips, **regardless of whether or not the employer takes a tip credit**.

30.     The 2018 amendment to the FLSA confirms that each employer who violates the provisions of 29 U.S.C. §203(m)(2)(B) on either an individual or collective basis violates the FLSA:

> Any employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages. An action to recover the liability prescribed in the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or himself and other employees similarly situated

29 U.S.C. §216(b).

31.     The FLSA makes each "employer" jointly and severally liable for all wages, liquidated damages, attorneys' fees, and costs owed.

32.     Defendants disregarded the FLSA's prohibition against employers retaining tips by its prohibition against distributing tips to managers or supervisors when it kept a portion of the tips and/or when it distributed such tips to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors).

33.     As a direct and proximate result of Defendants' retaining a portion of the tips intended for its traditionally tipped employees and/or distributing a portion of the tips and/or overtips to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors), Defendants violated the 29 U.S.C. §203(m)(2)(B) of the FLSA and damaged Plaintiff.

6

34.     Plaintiff is entitled to recover as damages all tips that Defendants improperly retained improperly distributed to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors).

35.     Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the overtime pay earned.

36.     Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Alfredo Olivera Hernandez, demands the entry of a judgment in Plaintiff's favor and against Defendants, Valpa Mia LLC d/b/a Tacos Sonora 305 and Hector Valles Felix, jointly and severally after trial by jury, and as follows:

a.     That Plaintiff recover compensatory tip damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b.     That Plaintiff recover pre-judgment interest on all unpaid tips if the Court does not award liquidated damages;

c.     That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d.     That Plaintiff recover all interest allowed by law;

e.     That Defendants be Ordered to make Plaintiff whole by providing appropriate tips wrongly denied in an amount to be shown at trial and other affirmative relief;

7

f.      That the Court declare Defendants to be in willful violation of the tip confiscation provisions of the FLSA; and

g.      Such other and further relief as the Court deems just and proper.

## COUNT III - FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Alfredo Olivera Hernandez, reincorporates and re-alleges paragraphs 1 through 23 as though set forth fully herein and further alleges as follows:

37.      Plaintiff regularly and routinely worked more than 40 hours in a workweek for Defendants.

38.      Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half times of Plaintiff's regular hourly rate(s) of pay for all of the hours worked beyond 40 hours in a given workweek.

39.      Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times Plaintiff's regular rate of pay for each of the overtime hours worked during the relevant time.

40.      Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the overtime pay earned.

41.      Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

8

WHEREFORE Plaintiff, Alfredo Olivera Hernandez, demands the entry of a judgment in Plaintiff's favor and against Defendants, Valpa Mia LLC d/b/a Tacos Sonora 305 and Hector Valles Felix, jointly and severally after trial by jury, and as follows:

h.    That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

i.    That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

j.    That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

k.    That Plaintiff recover all interest allowed by law;

l.    That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

m.    That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

n.    Such other and further relief as the Court deems just and proper.

## COUNT IV – BREACH OF CONTRACT
### (Against Valpa Mia LLC d/b/a Tacos Sonora 305)

Plaintiff, Alfredo Olivera Hernandez, reincorporates and re-alleges paragraphs 1 through as though set forth fully herein and further alleges as follows:

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

42.     Through this claim, Plaintiff seeks recovery of the "pure gap time" wages that she worked and earned but did not receive.[1] *See e.g.*, *Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); *Botting v. Goldstein*, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield*, Va., 95 F.3d 1263, 1280 (4th Cir. 1996).)

43.     Plaintiff and Defendant, Valpa Mia LLC d/b/a Tacos Sonora 305, agreed that in exchange for Plaintiff expending time and effort on their behalf, they would compensate him at $13.00 for each hour worked.

44.     Plaintiff performed under the parties' contract/agreement by performing work for Defendants as aforesaid.

45.     Defendant, Valpa Mia LLC d/b/a Tacos Sonora 305, however, failed and refused to perform its obligation to timely pay Plaintiff at the rate of $13.00 for each hour of work performed for Defendant during Plaintiff's last five weeks of work.

46.     Plaintiff has been damaged due to Defendant's failure to pay for the work performed during Plaintiff's last five weeks of work in a timely manner.

WHEREFORE Plaintiff, Alfredo Olivera Hernandez, demands the entry of a judgment in her favor and against Defendant, Valpa Mia LLC d/b/a Tacos Sonora 305, after trial by jury, for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs and

---

[1]     *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## <u>COUNT V – UNJUST ENRICHMENT</u>
### (Against Valpa Mia LLC d/b/a Tacos Sonora 305)

Plaintiff, Alfredo Olivera Hernandez, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

47.     Through this claim, Plaintiff seeks recovery of the "pure gap time" wages that she worked and earned but did not receive.[2] *See e.g., Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); Botting v. Goldstein, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield, Va.*, 95 F.3d 1263, 1280 (4th Cir. 1996).)

48.     Plaintiff provided labor and services for Defendant, Valpa Mia LLC d/b/a Tacos Sonora 305, and it received and accepted the benefits of the labor and services supplied by Plaintiff.

49.     Plaintiff expected to be paid a reasonable value for the labor and services provided to this Defendant.

50.     Plaintiff provided services on behalf of Defendant, Valpa Mia LLC d/b/a Tacos Sonora 305, for its business, as requested, and it received and accepted the benefits of the work, efforts, and labor that Plaintiff provided.

---

[2]     *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

51.     Defendant, Valpa Mia LLC d/b/a Tacos Sonora 305, was unjustly enriched in that it failed and refused to make payment to Plaintiff for the benefits conferred upon it during Plaintiff's last five weeks of work.

WHEREFORE Plaintiff, Alfredo Olivera Hernandez, demands the entry of a judgment in her favor and against Defendant, Valpa Mia LLC d/b/a Tacos Sonora 305, after trial by jury, for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

### **DEMAND FOR JURY TRIAL**

Plaintiff, Alfredo Olivera Hernandez, demands a trial by jury of all issues so triable.

Respectfully submitted this 5th day of July 2023,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:     305.230.4884
*Counsel for Plaintiff*

12